# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $10,000 IN U.S. CURRENCY,<br><br>           Defendant,<br><br>TONY VUE,    Claimant. | CASE NO. 1:11-cv-01845-SKO<br><br>**ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR CLAIMANT TONY VUE** |

## I.  INTRODUCTION

On February 8, 2013, Michael Mitchell, Esq., counsel for claimant Tony Vue, filed a motion to withdraw as attorney of record. (Doc. 20.) Mr. Mitchell indicates that Mr. Vue has failed to communicate with him, and Mr. Mitchell has been unable to contact Mr. Vue about this case, making it unreasonably difficult for Mr. Mitchell to carry out his representation effectively. (Doc. 20.) Mr. Mitchell and Plaintiff's counsel, Heather Jones, Esq., appeared for a hearing on this matter on March 13, 2013. Mr. Vue did not appear. For the reasons stated below, Mr. Mitchell's motion to withdraw as Mr. Vue's counsel of record is GRANTED.

## II.  RELEVANT PROCEDURAL BACKGROUND

On November 4, 2011, the United States filed a complaint for forfeiture in rem against approximately $10,000 in U.S. currency, which was seized on March 24, 2011, at a Federal Express

Facility located at 3225 Villa Avenue in Clovis, California. (Doc. 1.) The defendant currency "was adopted for forfeiture by the Drug Enforcement Administration on April 20, 2011, and is in the custody of the United States Marshals Service, Eastern District of California." (Doc. 1, ¶ 2.)

On December 23, 2011, Tony Vue filed a claim in civil forfeiture, through his counsel, Mr. Mitchell. (Doc. 9.) A scheduling conference was held on March 1, 2012, and a scheduling order was issued on March 6, 2012. (Doc. 17.)

On February 8, 2013, Mr. Mitchell filed a motion to withdraw as Mr. Vue's counsel of record. (Docs. 20, 21.) On March 4, 2013, the Court ordered that Mr. Mitchell supplement his motion and provide the Court with (1) a proof of service indicating that Mr. Vue was served with Mr. Mitchell's motion to withdraw, and (2) Mr. Vue's last known address. (Doc. 24.) On March 5, 2013, Mr. Mitchell provided a supplemental declaration setting forth Mr. Vue's last known address as well as a proof of service indicating that Mr. Vue was served with Mr. Mitchell's motion to withdraw by certified U.S. mail on February 8, 2013. (Doc. 25-1.)

### III.   DISCUSSION

Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Mr. Mitchell states that his client has failed to communicate with him, despite counsel's efforts to reach his client by certified mail at Mr. Vue's last known address, through email, and by telephone. (Doc. 20, Mitchell Decl., ¶¶ 1-8.) After several failed attempts to reach Mr. Vue, on January 13, 2013, Mr. Mitchell sent a letter via certified mail to Mr. Vue's last known address notifying him that Mr. Mitchell would be required to file a motion to withdraw as counsel if Mr. Vue failed to respond to his counsel's communications. (Doc. 20, Mitchell Decl., ¶ 5.) On February 8, 2013, Mr. Mitchell received "substantial discovery requests from the government, specifically,

Request for Production of Documents, Request for Admissions, Form and Special Interrogatories." (Doc. 20, 3:4-5.)

Mr. Mitchell has provided Mr. Vue's last known address to the Court. (Doc. 25, Mitchell Decl., ¶ 4.) Mr. Mitchell indicates he has served the instant motion on Plaintiff's counsel and on Mr. Vue. (*See* Doc. 25-1; 25-2 [Proof of Service].) Further, Mr. Mitchell represented at the hearing that he has also served Mr. Vue with copies of Plaintiff's discovery requests. Mr. Vue has not filed an opposition to his counsel's motion, and Plaintiff has filed a statement of non-opposition to the motion. (Doc. 23.)

California Rule of Professional Conduct 3-700(C)(1)(c) provides that an attorney may request permission to withdraw if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Rule 3-700(A)(2) provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and complying with applicable laws and rules." Here, counsel has provided Mr. Vue with notice of the motion and with time to find additional counsel. Mr. Vue has not opposed the motion. While Plaintiff has served discovery that requires a response by Mr. Vue, additional time to serve responses will be afforded to Mr. Vue. The Court will also extend the non-expert and expert discovery deadlines to provide Mr. Vue an opportunity to retain counsel. Specifically, the deadlines shall be extended as follows:

1. The non-expert discovery deadline of March 4, 2013, shall be extended to April 18, 2013;
2. The expert disclosure deadline shall be extended from April 22, 2013, to May 17, 2013;
3. The rebuttal expert disclosure deadline shall be extended from May 6, 2013, to June 7, 2013;
4. The expert discovery deadline shall be extended from June 3, 2013, to June

---

[1] Section 3-700(D) pertains to returning property and funds to clients.

24, 2013; and

5. All other deadlines shall remain unchanged.

In light of this schedule modification, any risk of prejudice to Mr. Vue as a result of his counsel's withdrawal will be mitigated.

### IV. CONCLUSION AND ORDER

As no opposition has been filed and because there will be no prejudice to Mr. Vue, the motion will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel is GRANTED;

2. Counsel is ordered to serve a copy of this order on Mr. Vue via the United States Postal Service forthwith;

3. **No later than March 18, 2013,** counsel shall provide the Court with a declaration indicating proof of service of this order on Mr. Vue;

4. The Clerk of the Court is ORDERED to:

   a. RELIEVE Mr. Mitchell as counsel for claimant Tony Vue;

   b. UPDATE the docket to reflect Mr. Vue's address:

   415 South Hill Drive
   Roseville, MN 55113;

5. **As it pertains to Plaintiff's outstanding discovery requests served on Mr. Vue through his current counsel, Plaintiff shall provide Mr. Vue an additional twenty (20) days from the date of this order to respond to any outstanding discovery requests**[1]; and

6. The discovery deadlines shall be modified as set forth above.

IT IS SO ORDERED.

Dated:   March 13, 2013                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing on this matter, Plaintiff's counsel, although understandably reluctant to provide an unlimited extension of time, agreed that a brief extension of time was appropriate. *See* F.R.Civ.P. 34(b)(2)(A), 36(a)(3).

4